UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No. 1:05-CR-28 TLS |
| | ) | |
| DONTE L. CURRY | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Motion for Review of Detention Order [DE 19] filed by the Defendant, Donte Curry, on August 1, 2005. The Defendant's Motion asks the Court to reconsider the Magistrate Judge's Order of Detention Pending Trial in light of recent developments that he believes warrant a reconsideration of the detention order. The Court held a hearing on August 8, 2005, at which time both sides presented evidence and arguments. Having reviewed and considered all submitted matters, the Court is ready to rule.

**BACKGROUND**

The Defendant has been charged in a three count Indictment with intentionally possessing with the intent to distribute crack cocaine, using a gun in connection with a drug trafficking crime, and being a felon in possession of a gun. On May 2, 2005, Magistrate Judge Cosbey filed an Order of Detention Pending Trial. In that Order, the Magistrate Judge determined that there was probable cause that the Defendant had committed an offense under 18 U.S.C. § 924(c), which is one of the crimes listed in 18 U.S.C. § 3142(e).

The Magistrate Judge found that the credible testimony and information submitted at the detention hearing established by a preponderance of the evidence that the Defendant posed a risk of flight on the basis of the following: the Defendant has no resources from which he might make

a bond reasonably calculated to assure his future appearance; the Defendant has a prior criminal history; the Defendant has a record of prior failure to appear in court as ordered; the Defendant has a prior record of failing to abide the terms of his probation; the Defendant has a prior record of failing to abide by court ordered conditions; and depending on the amount of drugs involved, the Defendant is facing a minimum mandatory of fifteen years incarceration and a maximum of life imprisonment. The Defendant did not dispute the information contained in his Pretrial Services Report, except that he did not recall a 1994 runaway charge or a 1998 criminal mischief charge, and he added that his conviction for dealing cocaine resulted from a jury verdict, not a guilty plea.

**LEGAL STANDARD**

The Defendant has brought the present Motion under 18 U.S.C. § 3145(b). Under this statute, a defendant detained by a magistrate judge may seek review before the district court having original jurisdiction of the charged offense. Nothing in the Defendant's August 3 hearing gives the Court reason to reconsider the Magistrate Judge's determination that probable cause exists that the Defendant committed a crime under 18 U.S.C. § 924(c). Accordingly, pursuant to 18 U.S.C. § 3142(e), the Court presumes—subject to rebuttal by the Defendant—that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of the community. "Although the presumption against bail is rebuttable, . . . it continues to weigh in the balance against bail even after the defendant meets his burden of producing some evidence to rebut the presumption. The presumption reflects a congressional judgment, to which we are obligated to give weight, that persons facing heavy sentences for particular types of offenses are likely to jump bail." *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985) (citing *United States*

2

*v. Jessup*, 757 F.2d 378, 381–84 (1st Cir.1985)). The government must still prove either by a preponderance of the evidence that there is a serious risk the Defendant will flee or by clear and convincing evidence that he is a danger to his community. However, 18 U.S.C. § 3142(e) places on the Defendant's shoulders the burden of producing some evidence to rebut the presumption established by Congress that detention is appropriate. *Diaz*, 777 F.2d at 1238; *Jessup*, 757 F.2d at 380–81.

## ANALYSIS

The Defendant's Motion notes two factual developments that he believes warrant reconsidering his detention. First, the Defendant has learned that his girlfriend is pregnant and is experiencing financial difficulties. Second, the Defendant has secured a promise of employment from Friendly Cleaners if he can be released in this case.

At the Defendant's August 3 hearing, the Court heard testimony from the Defendant and Ms. Latoya Boyd, the Defendant's girlfriend. Ms. Boyd stated that the Defendant was very helpful with her two other children (3 years old and 1 year old) and believes he would be helpful and supportive now if he were released. Ms. Boyd also testified that her grandmother's brother owns Friendly Cleaners, a dry cleaners in Fort Wayne, and that he has agreed to give the Defendant a job if he is released. The Defendant echoed Ms. Boyd's testimony, asserting that if given the chance he would work hard to earn money to support his girlfriend.

The Court finds that the new facts introduced at the hearing on the Defendant's Motion do not rebut the presumption found in 18 U.S.C. § 3142(e) against releasing the Defendant on bond. Furthermore, despite these new facts, the Court is still convinced by a preponderance of the evidence

that there is a serious risk the Defendant will flee. His family responsibilities and his opportunity to work at a dry cleaners do not change the fact that he is facing serious criminal charges and he has prior record of violating his probation and failing to appear in court. For the reasons stated in the Pretrial Services Report and the Magistrate Judge's Order of Detention Pending Trial, the Court finds that the Defendant ought to be detained pending his trial.

## CONCLUSION

For the reasons stated herein, the Defendant's Motion for Review of Detention Order [DE 19] is DENIED.

SO ORDERED on August 12, 2005.

    S/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT