UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NO. 1:05-CR-28-TS |
| ) | |
| DONTE L. CURRY ) | |

**OPINION**

This matter is before the Court on the government's Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence Pursuant to Rule 404(b), filed on January 9, 2006. The Defendant objected to the government's Notice on January 18, 2006.

**A.    Background**

The Defendant has been charged in a three count indictment for possessing more than five grams but less than fifty grams of a controlled substance containing cocaine base, or crack, with the intent to distribute in violation of 21 U.S.C. § 841(a)(1); for possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c); and for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). (Indictment 1–3.)

The government's proposed 404(b) evidence would consist of testimony from Fort Wayne Police Officer John Greenlee regarding a November 1999 conviction of the Defendant for dealing cocaine. Greenlee would testify that on June 21, 1999: "Curry sold to an undercover police officer two twenty dollar rocks of cocaine base 'crack.' Curry then fled and was arrested after the deal and was found to be in possession of the marked buy money." (Gov. Br. Supp. 2; DE 28.) Also, the probable cause affidavit filed in the case states that the officer pursuing Curry saw him throw a heavy, metallic object to the ground, where a later search resulted in the discovery of a gun.

**B.     Analysis**

Federal Rule of Evidence 404(b) provides, in relevant part,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Seventh Circuit has articulated a four-prong test for admissibility of Rule 404(b) evidence. The test is whether:

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Denberg*, 212 F.3d 987, 992–93 (7th Cir. 2000).

*(1)     Purposes Other Than Propensity*

To sustain a conviction on the charge of possession with intent to distribute a controlled substance, the government must establish that the Defendant knowingly or intentionally possessed a controlled substance, with the intent to deliver it to another person, and that he knew the substance possessed was a prohibited substance. *See United States v. Jones*, 248 F.3d 671, 675 (7th Cir. 2001). The government must prove each element beyond a reasonable doubt even those that the defendant does not specifically contest. *Estelle v. McGuire*, 502 U.S. 62, 69 (1991); *Jones*, 248 F.3d at 675 ("In all criminal cases, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt to convict a defendant."). "Intent to distribute drugs

2

and knowledge that a particular substance is a narcotic often are proven through testimony about prior sales of controlled substances." *United States v. Knox*, 301 F.3d 616, 619 (7th Cir. 2002) (quoting *Jones*, 248 F.3d at 675).

The first prong is met in this case. The government is offering the evidence of the Defendant's past conduct for an issue other than propensity: the Defendant's intent and knowledge with regard to the crack he is alleged to have possessed. Evidence that the Defendant sold drugs in the recent past goes to the elements the government must prove. Introduction of the 1999 conduct would tend to show the Defendant intended to distribute the drugs he is alleged to have possessed and that he knew the substance possessed was crack cocaine.

*(2)   Similarity*

The similarity prong of the 404(b) test need not be unduly rigid and "[s]imple differences in the type of conduct or charge at issue cannot defeat the similarity requirement." *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996). The Seventh Circuit has held that "when evidence is offered to prove intent, the degree of similarity is relevant only insofar as the acts are sufficiently alike to support an inference of criminal intent. . . . The prior acts need not be duplicates of the one for which the defendant is now being tried." *United States v. Lloyd*, 71 F.3d 1256, 1264–65 (7th Cir. 1995) (quoting *United States v. York*, 933 F.2d 1343, 1351 (7th Cir.1991)). "[S]imilarity means more than sharing some common characteristics; the common characteristics must relate to the purpose for which the evidence is offered." *Long*, 86 F.3d at 84 (quoting *United States v. Torres*, 977 F.2d 321, 326 (7th Cir. 1992)).

The Defendant argues the 1999 conduct is not similar to the charged conduct. In the 1999

3

incident, the Defendant was selling crack from a house and in this case, the Defendant was arrested while getting into a car on an outstanding warrant.

The second prong is also met. The common characteristic is the possession of crack cocaine. This common characteristic relates to the purpose for which the government seeks to use the 1999 incident: to show the Defendant's intent and knowledge regarding the cocaine he is alleged to have possessed. The fact that he possessed and sold crack cocaine in 1999 makes that conduct relevant to show the Defendant knows what crack cocaine is and that he possessed it here. Also, the fact that he sold crack in 1999 makes that conduct relevant to show what the Defendant intended to do with the crack he is alleged to have possessed in this case.

**(3)**   *Sufficiency*

The third prong requires there be evidence sufficient to support a jury finding that the Defendant committed the prior act. The Court finds that the government's evidence is sufficient for the jury to conclude that the Defendant possessed and sold crack cocaine in 1999, thus meeting the third prong of the *Denburg* test.

The Defendant argues that the probable cause affidavit alone is insufficient for a jury to find that the Defendant dropped a gun when fleeing from the police in 1999. The government has made no argument regarding this point and the Court has little information as to the content of the government's evidence. It is not clear to the Court who the affiant is or whether the affiant will testify at trial. At this point, the limited evidence before the Court prevents it from finding that the sufficiency requirement is met as to the alleged fact that the Defendant had a gun during the 1999 conduct. Unless the government provides some case law or more evidence supporting its position,

4

the Defendant's objection will be sustained as to the evidence of the gun.

**(4)     *Probative Value and Danger of Unfair Prejudice***

The fourth prong of the test requires that the evidence have probative value that is not substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial only to the extent that it will cause a jury to decide the case on improper grounds. *Jones*, 248 F.3d at 676. Where the evidence presented is primarily directed toward elements of the crime that the government is required to establish, the jury's use of Rule 404(b) evidence on the relevant issues does not constitute unfair prejudice. *Id.* Further, a limiting instruction given by the court is effective and proper to reduce or eliminate the potential of the jury to impermissibly use the evidence. *Id.* (assuming juries follow courts' instructions); *Denberg*, 212 F.3d at 994.

The Defendant argues the government's 404(b) evidence has little probative value because it was six years ago and there are factual differences in the two incidents.

Evidence regarding the 1999 incident tends to show that in this case, the Defendant had knowledge that the drugs he possessed were controlled substances and that the Defendant intended to distribute the drugs. The government must prove these issues beyond a reasonable doubt. The probative value of this evidence is not significantly diminished by the passage of time or the factual differences. The danger of unfair prejudice involved in admitting the evidence—that the jury may conclude that because the Defendant sold drugs 6 years ago, he is guilty in this instance—is not so substantial as to outweigh the probative value of the evidence as to the Defendant's intent and knowledge. A limiting instruction will reduce the danger of unfair prejudice to the Defendant. Thus, the Court concludes that the probative value of the evidence is not substantially outweighed by the

5

danger of unfair prejudice.

**C.     Conclusion**

The Court finds that evidence regarding the Defendant's 1999 conduct is admissible under Rule 404(b) for the purpose of proving the Defendant's intent and knowledge. The Court sustains the Defendant's objection to the inclusion of evidence suggesting the Defendant possessed a gun during the 1999 incident, but will reconsider issue if the government presents any additional evidence or case law. The Defendant's other objections are overruled. The Court will give a limiting instruction to the jury consistent with this Opinion.

**ORDER**

The Court GRANTS the government permission to use the 404(b) evidence for which it gave notice [DE 27], except to the extent the Defendant's objection is sustained as to the evidence relating to the Defendant's possession of a gun during the 1999 conduct.

SO ORDERED on February 13, 2006.

s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT